UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HOLCOMB,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>JERRY RAMAR, et al.,<br><br>　　　　Defendants | CASE NO. 1:13-CV-1102 AWI SKO<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 9) |

This is a civil rights case that arises out of a confrontation between Plaintiff Harvey Holcomb ("Holcomb") and members of the City of Modesto ("the City") Police Department. Holcomb alleges claims under 42 U.S.C. § 1983 and 42 U.S.C. § 12132 against the Defendants. Defendants move to dismiss part of the first and all of the third causes of action. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

**BACKGROUND**

From the Complaint, Holcomb is a disabled man who suffers from severe hypertension and rheumatoid arthritis. The conditions severely limit Holcomb's ability to ambulate or perform manual functions.

On May 7, 2012, defendant police officer Jerry Ramar ("Ramar") pulled out from the Modesto Police Station, but unlawfully pulled in front of Holcomb's car without looking. Ramar was in plain clothes and in an unmarked car. Holcomb was forced to slam on his brakes. Ramar saw Holcomb as Ramar was turning out from the police station and glowered at Holcomb in a

menacing manner.  Shortly thereafter, Holcomb and Ramar's cars were parallel to each other at a stop sign.  Holcomb told Ramar what he thought of Ramar's driving.  Ramar then made an illegal u-turn and began following Holcomb, and at some point, put on his raid vest.

At the next stop sign, Holcomb lingered a few seconds longer than what would normally have been necessary.  A passenger was riding with Holcomb, and because of the sudden stop, the passenger's cell phone had flown out from his lap.  The passenger was trying to find where the cell phone had landed.  Holcomb proceeded through the intersection and then pulled over to the curb so that he would not be blocking traffic and so that the passenger could take off his seat belt and find the cell phone.

Ramar called for backup.  Ramar then got out of his vehicle and proceeded to sneak along the side of Holcomb's car.  Holcomb's wheelchair was clearly visible in the cargo portion of his car, and Ramar went past the wheelchair.

Holcomb saw a man approaching in the mirror, and fearing that he might be trapped in the car, started to pull himself out so that he could lean on the car to support himself.  Without command or warning, Ramar immediately pulled Holcomb out of the car and, along with other officers, threw Holcomb forcibly against another vehicle and violently assaulted him.  The officers proceeded to throw Holcomb to the ground and continued to batter him.  The officers crossed Holcomb's legs in a hogtie position.  The officers screamed at Holcomb to "stop resisting," even though Holcomb was not resisting and in fact was incapable of resisting.

The officers then ordered Holcomb to get up.  Holcomb responded that he was unable to get up and that he needed an ambulance due to his medical condition.  The officers ridiculed Holcomb, accused him of faking, and blamed him for creating the situation.  Eventually, however, paramedics were called and the paramedics cleared Holcomb.  The officers again told Holcomb to get up, but when Holcomb again informed them that he could not get up, the officers berated him again. Eventually the officers retrieved the wheelchair, put Holcomb in the wheelchair, and walked him over to the jail in the wheelchair.

Holcomb was charged with violation of Penal Code § 148 and Vehicle Code § 22350.  All charges were later dismissed.

## RULE 12(b)(6) FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121. However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Dichter-Mad Family Partners, LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Iqbal, 556 U.S. at 678; Dichter-Mad, 709 F.3d at 761. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2)

1  the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such
2  that it is not unfair to require the opposing party to be subjected to the expense of discovery and
3  continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to
4  dismiss, courts may consider documents attached to the complaint, documents incorporated by
5  reference in the complaint, or matters of judicial notice. Dichter-Mad, 709 F.3d at 761. If a
6  motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to
7  amend the pleading was made . . . ." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012).
8  However, leave to amend need not be granted if amendment would be futile or if the plaintiff has
9  failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180,
10 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## DEFENDANTS' MOTION

**1.     1st Cause of Action – 42 U.S.C. § 1983**

*Defendants' Argument*

Defendants argue that the allegations show that Holcomb's arrest and force claims are governed exclusively by the Fourth Amendment. References to any other amendments are improper and should be dismissed. With respect to the failure to provide medical care, Holcomb must allege facts to show that the officers were deliberately indifferent to him. However, the Complaint alleges that the officers summoned paramedics and the paramedics cleared him. Thus, the Complaint affirmatively demonstrates the absence of deliberate indifference. Dismissal of the medical care claim should be without leave to amend.

*Plaintiff's Opposition*

Holcomb argues that Defendants are right in certain minor aspects, but in general are wrong given the facts alleged. Defendants are correct that the Fifth and Eighth Amendments do not apply in this case. However, Defendants are wrong that the Fourteenth Amendment does not apply because it is the Fourteenth Amendment that makes the Fourth Amendment applicable to the states. Reference to the Fourteenth Amendment is appropriate and arguably necessary. Further, the Fourteenth Amendment requires the police to obtain medical care for those who are

4

1 injured during an arrest. Holcomb argues that the Complaint infers that he was injured by the
2 officers, was in pain and medical distress, and in need of medical attention. Instead of summoning
3 assistance, the officers verbally abused him and only summoned assistance after a delay.

*Discussion*

A reasonable reading of the Complaint demonstrates three basic claims under the first cause of action: the officers arrested Holcomb without probable cause, the officers used excessive force against Holcomb, and the officers failed to obtain prompt medical care for Holcomb. Although the Complaint references the Fourth, Fifth, Eighth, and Fourteenth Amendments, Holcomb's claims are all governed by the Fourth Amendment.

Holcomb concedes that neither the Fifth Amendment nor the Eighth Amendment applies to his case. See Opposition at 4:3-7; see also Pierce v. Multnomah Cnty, 76 F.3d 1032, 1042 (9th Cir. 1996) (Eighth Amendment); Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982) (Fifth Amendment). Thus, all Fifth Amendment and Eighth Amendment claims will be dismissed.

With respect to excessive force and false arrest, the Complaint is somewhat ambiguous as to whether Holcomb is attempting to allege a Fourteenth Amendment due process claim. The Fourth Amendment, not the Fourteenth Amendment due process clause, governs all claims regarding the use of force or the lawfulness of an arrest in § 1983 cases. See Graham v. Connor, 490 U.S. 386, 395 (1989); Fontana v. Hoskins, 262 F.3d 871, 878-80 & n.4 (9th Cir. 2001); Stewart v. Morris, 2013 U.S. Dist. LEXIS 132951, *3 n.2 (N.D. Cal. Sept. 17, 2013); Gonzalez v. Okagawa, 2013 U.S. Dist. LEXIS 78319, *30 n.2 (D. Haw. June 4, 2013). Holcomb's opposition clarifies that he is not seeking to recover under the Fourteenth Amendment's due process clause, rather, he is referencing the Fourteenth Amendment as the conduit for the Fourth Amendment protections. See Mapp v. Ohio, 367 U.S. 643 (1961); Lee v. City of Chicago, 330 F.3d 456, 460 & n.1 (7th Cir. 2003); Steel v. City of San Diego, 726 F.Supp.2d 1172, 1180 (S.D. Cal. 2010). Despite the confusion that tends to result, courts have acknowledged that it is acceptable to reference the Fourteenth Amendment as a conduit for the Fourth Amendment. See Hargis v. City of Orlando, 2013 U.S. Dist. LEXIS 16052, *4-*5 & n.4 (M.D. Fla. Feb. 6, 2013); Steel, 726 F.Supp.2d at 1180; Davis v. City of Aurora, 705 F.Supp.2d 1243, 1254-55 (D. Col. 2010). In light

of these cases, the Court will accept Holcomb's clarification and read the excessive force and false arrest claims as alleging only Fourth Amendment violations, not separate substantive due process violations. See id. So reading the Complaint, it is unnecessary to dismiss the reference to the Fourteenth Amendment as to the excessive force and false arrest claims. See id.

With respect to the medical care claim, the Supreme Court has held that the Fourteenth Amendment requires the police "to provide medical care to persons . . . who have been injured while being apprehended by the police." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). However, after considering *Revere* and the later decided *Graham v. Connor*, the Ninth Circuit has indicated that claims regarding deficient medical care during and immediately following an arrest are governed by the Fourth Amendment. See Walker v. Fresno Police Dept., 249 Fed. Appx. 525, 526 (2007); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1098-99 (9th Cir. 2006); Ostling v. City of Bainbridge Island, 872 F. Supp. 2d 1117 (W.D. Wash. 2012); Mejia v. City of San Bernardino, 2012 U.S. Dist. LEXIS 45550, *17 n.12 (C.D. Cal. Mar. 30, 2012); Fonseca v. City of Fresno, 2012 U.S. Dist. LEXIS 2327, 23-25 (E.D. Cal. Jan. 9, 2012); Von Haar v. City of Mt. View, 2011 U.S. Dist. LEXIS 19789, *6-*8 (N.D. Cal. Mar. 1, 2011). The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest care to an arrestee, but it does not require a police officer to provide the most effective medical care for the arrestee. See Tatum, 441 F.3d at 1098-99. Generally, police officers may meet their constitutional obligations if they promptly seek necessary medical attention for the arrestee by either summoning medical help or taking the injured arrestee to a hospital. Walker, 249 Fed. Appx. at 526; Tatum, 441 F.3d at 1098-99.

Here, the Complaint alleges that in response to demands for him to "get up," Holcomb responded that he needed an ambulance due to his medical condition. Complaint ¶ 18. "At first the officers ridiculed Holcomb and accused him of faking his condition . . . . Eventually, paramedics were called, who cleared Mr. Holcomb." Id. This allegation acknowledges that the paramedics were called, which is a method of satisfying the Fourth Amendment. However, the Court is not convinced that Holcomb has pled himself out of a plausible claim or that he has pled a plausible cause of action. Because paramedics were called, the issue is whether the officers made

6

the call in a reasonably "prompt" manner.  Whether the officers acted reasonably and were sufficiently "prompt" depends in part on the length of the delay and the seriousness of the need for medical care.  Cf. Florek v. Village of Mundelein, 649 F.3d 594, 600 (7th Cir. 2011) (identifying four factors that may be considered to determine whether a response to an arrestee's medical need was reasonable); Colson v. City of Bakersfield, 2012 U.S. Dist. LEXIS 96139, *28-*30 (E.D. Cal. July 11, 2012) (finding no constitutional violation where arrestee did not request medical care and his need for treatment was not obvious).  Holcomb argues that it can be inferred that he was in pain and in need of medical attention.  The Court agrees that it can be inferred that Holcomb was in pain.  It is also clear that Holcomb informed the officers that he needed an ambulance.  Nevertheless, what cannot be reasonably inferred is the length of the delay or the seriousness of the need for medical attention.  This is especially true because there is no indication that the paramedics did anything other than examine Holcomb, and then "clear" him.  Without additional allegations, there is not a plausible claim.  Therefore, the Court will limit the medical care claim to one brought under the Fourth Amendment, and will dismiss that claim with leave to amend.

**2.**     **3rd Cause of Action – 42 U.S.C. § 12132 (Americans With Disabilities Act ("ADA"))**

*Defendants' Argument*

Defendants argue that the individual police officers should be dismissed because there is no individual liability under the ADA.  As to the City, there are no facts alleged that plausibly indicate that Holcomb was arrested because of his disabilities.  There are no facts alleged that the officers failed to accommodate his disability in the course of the arrest.  Instead, the allegations show that Holcomb was taken to jail in his wheelchair, and was not forced to ride in the cramped rear compartment of a police car.  These allegations affirmatively show that he officers accommodated Holcomb, which precludes liability.

*Plaintiff's Opposition*

Holcomb argues that, to state an ADA claim in the arrest context, there need only be allegations of abuse of person with a disability.  The Complaint alleges that Holcomb was incapable of resisting arrest, that he was hauled from the car during his attempts to exit and lean against the car, he was beaten, accused of faking, was ridiculed, and was berated.  These

7

1  allegations indicate abuse and indicate that Holcomb's act of attempting to exit and lean was
2  misperceived by the officers and led to being beaten. Where a person demonstrates a disability,
3  and the arresting officers knew or should have known of the disability, and the arrest resulted from
4  conduct related to that disability, there is a viable cause of action. The officers' actions also
5  indicate a failure to accommodate through their forceful removal of Holcomb, beating him, and
6  refusing to admit that he was disabled and in need of assistance. With respect to individual
7  liability under the ADA, the Ninth Circuit has not held that there is individual liability is
8  unavailable. Thus, the Court need not dismiss the individual defendants.

*Legal Standard*

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Title II authorizes suits by private citizens for money damages against public entities that violate § 12132." United States v. Georgia, 546 U.S. 151, 153-54 (2006). "[T]he weight of authority on the applicability of the ADA to arrests suggest that a state's substantive decision-making process in the criminal law context are not immune from the anti-discrimination guarantees of federal statutory law." Thompson v. Davis, 295 F.3d 890, 897 (9th Cir. 2002). In the context of arrests, courts have generally recognized, and distinguished, two types of claims under Title II of the ADA: (1) a wrongful arrest claim, where police arrest a suspect based on his disability, not for any criminal activity; and (2) a claim that alleges a failure to provide reasonable accommodations, where police properly arrest a suspect but fail to reasonably accommodate his disability during the investigation or arrest, causing him to suffer greater injury or indignity than other arrestees. See Waller v. Danville, VA., 556 F.3d 171, 174 (4th Cir. 2009); Gohier v. Enright, 186 F.3d 1216, 1220-21 (10th Cir. 1999); Lum v. County of San Joaquin, 756 F.Supp.2d 1243, 1251-52 (E.D. Cal. 2010); Ryan v. Vermont State Police, 667 F.Supp.2d 378, 387 (D. Vt. 2009). For liability to attach, the plaintiff must show that the arresting officer either knew or should have known that the plaintiff was disabled. See Gohier, 186 F.3d at 1220; Lewis v. Truitt, 960 F.Supp. 175, 178 (S.D. Ind. 1997).

*Discussion*

    a.    Individual Officers

Holcomb cites no cases that have held that public officials in their individual capacities may be held liable. Instead, § 12132 creates liability against "public entities." 42 U.S.C. § 12132. As such, courts have held that there is no individual capacity liability under § 12132. See Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009); Miller v. King, 384 F.3d 1248, 1277-78 (11th Cir. 2004); Garcia v. S.U.N.Y. Health Sciences. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); cf. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 & n.7 (9th Cir. 2003) (permitting injunctive relief under the ADA against public officials in their official capacities); Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (prohibiting § 1983 lawsuits against individuals for violation of the ADA). This Court agrees. Holcomb's claims for violation of § 12132 against the individual defendants will be dismissed without leave to amend.[1] See Everson, 556 F.3d at 501 n.7; Miller, 384 F.3d at 1277-78.

    b.    The City

Holcomb argues that he has pled a plausible cause of action under both the "wrongful arrest" and "reasonable accommodation" theories. The Court agrees.

With respect to wrongful arrest, Holcomb was arrested in part for violation of Penal Code § 148, which prohibits an individual from willfully resisting, delaying, or obstructing a peace officers in the discharge of his duties.[2] Based on the Complaint, Holcomb did not resist, but arguably obstructed the officers when Holcomb was unable to get up from the ground. However, Holcomb informed the officers that he could not get up and needed medical assistance because of his medical condition. See Complaint ¶ 18. The Court reads this allegation to mean that Holcomb informed the officers that he suffered from rheumatoid arthritis and hypertension. Further, Holcomb's wheelchair was "clearly visible," albeit inside Holcomb's vehicle, and at least Ramar

---

[1] Because the City is already a defendant, there is no need for any individual officer to be sued in his or her official capacity. See Wisler v. City of Fresno, 2007 U.S. Dist. LEXIS 18666, *18-*20 (E.D. Cal. Mar. 16, 2007).

[2] Holcomb was charged with violation of Vehicle Code § 22350, California's general speeding law. However, that charge was dropped and there is no indication in the Complaint that Holcomb was actually speeding.

9

1  moved past the wheelchair. See id. at ¶ 14. Paragraphs 14 and 18 reasonably support the
2  inference that the officers either knew or should have known that Holcomb was disabled. Despite
3  the fact that Holcomb's rheumatoid arthritis and hypertension prevented him from complying with
4  the orders to "get up," Holcomb was arrested. The Court is satisfied that a plausible claim for
5  "wrongful arrest" has been pled. See Gohier, 186 F.3d at 1220 (holding that a plaintiff may
6  recover for a wrongful arrest theory by showing:  (1) he was disabled; (2) the officers knew or
7  should have known that he was disabled; and (3) he was arrested because of legal conduct related
8  to his disability); Lewis, 960 F.Supp. at 178 (same). Dismissal of the ADA "wrongful arrest"
9  claim will be denied.

10  With respect to the failure to accommodate claim, it is true that the officers did transport
11  Holcomb to the police station in Holcomb's wheelchair. However, prior to obtaining the
12  wheelchair, the allegations do not indicate that the officers did anything to address or
13  accommodate Holcomb's arthritic condition. Instead, the allegations show that the officers
14  repeatedly berated Holcomb, and let him sit or lie on the ground, both before and after the
15  paramedics arrived. The officers' failure to either help Holcomb up or get his wheelchair sooner,
16  and instead letting him sit or lie on the ground all the while berating him and accusing him of
17  faking, reflects a failure to accommodate that could reasonably be expected to cause Holcomb
18  "greater indignity" than other arrestees. See Gohier, 186 F.3d at 1220-21; Lum, 756 F.Supp.2d at
19  1252. While additional allegations would give this claim a more solid foundation, the Court is
20  satisfied that Holcomb has done enough to allege a plausible cause of action for failure to
21  accommodate. Dismissal of the ADA "failure to accommodate" claim will be denied.

22  **3.     Punitive Damages**

23  The City argues that it is immune from punitive damages, and that any such claim should
24  be dismissed. Holcomb responds that his Complaint does not seek punitive damages against the
25  City, rather his request for punitive damages is limited to the individual officers.

26  After examining the Complaint, the Court concludes that there is an ambiguity. The
27  allegation of malicious and wanton conduct is made against the individual officers, not the City,
28  but the prayer does not so limit the request for punitive damages. See Complaint at ¶ 24 & Prayer

1  ¶ 3. It is possible to read the Complaint as alleging punitive damages against either the individual
2  officers or the individual officers and the City. As the parties acknowledge, punitive damages are
3  not available against the City under either § 1983 or the ADA. See Barnes v. Gorman, 536 U.S.
4  181, 189 (2002) (dealing with the ADA); City of Newport v. Fact Concerts, 453 U.S. 247, 271
5  (1981) (dealing with § 1983). Given Holcomb's clarification, the Court will read the request for
6  punitive damages as being alleged against only the individual officers. So reading the Complaint,
7  there is no claim for punitive damages against the City, and dismissal is unnecessary.

## **CONCLUSION**

Defendants move to dismiss the first and third causes of action, as well as the request for punitive damages.

As to the first cause of action, claims for excessive force, false arrest, and medical care are alleged. Dismissal of the medical care claim is appropriate because there are insufficient allegations to support an inference that paramedics were not "promptly" summoned. Because it is not clear that amendment would be futile, dismissal will be with leave to amend. Additionally, all of the claims alleged in the first cause of action are governed by the Fourth Amendment. Dismissal of all Fifth, Eighth, and Fourteenth Amendments claims without leave to amend is appropriate. However, it is permissible for the Complaint to reference the Fourteenth Amendment as the conduit through which Holcomb may claim Fourth Amendment protections.

As to the third cause of action, there is no individual liability under § 12132 of the ADA. Therefore, dismissal of the third cause of against the individual defendants without leave to amend is appropriate. With respect to the City, the Complaint plausibly alleges both wrongful arrest and failure to accommodate claims. Therefore, the third cause of action against the City will not be dismissed.

Finally, as to punitive damages, the Complaint is somewhat ambiguous. Holcomb has clarified that he seeks punitive damages only against the individual officers, and not the City. In light of this clarification, the Complaint will be read to not include a request for punitive damages against the City. So reading the Complaint, dismissal is unnecessary and will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the Fifth, Eighth, and Fourteenth Amendment claims in the first cause of action is GRANTED and those claims are DISMISSED without leave to amend;

2. Defendants' motion to dismiss the medical care claim under the first cause of action is GRANTED and that claim is DISMISSED with leave to amend;

3. Defendants' motion to dismiss the third cause of action against the individual defendants is GRANTED and that cause of action is DISMISSED without leave to amend;

4. Defendants' motion to dismiss the third cause of action against the City of Modesto is DENIED;

5. Defendants' motion to dismiss the request for punitive damages is DENIED;

6. Plaintiff may file an amended complaint, that is consistent with the above analysis, within fourteen (14) days of service of this order; and

7. If Plaintiff does not file an amended complaint, Defendants shall file an answer within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:   November 1, 2013                       _____
                                                SENIOR   DISTRICT   JUDGE