# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HOLCOMB, | Case No. 1:13-cv-01102-AWI-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | |
| | (Doc. 33) |
| JERRY RAMAR, a Modesto Police officer; OFFICER KROUTIL, a Modesto Police officer; OFFICER BOTTOMS, a Modesto Police officer; OFFICER CICCARELLI, a Modesto Police officer; J. CHANDLER, a Modesto Police officer; JOHN DOE and RICHARD ROE, Modesto Police officers, the true names and exact numbers of whom are unknown at this time; CITY OF MODESTO, a municipal corporation, | |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

On February 25, 2015, the parties filed a request seeking Court approval of their Stipulation and Proposed Order for a Protective Order. (Doc. 32.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES without prejudice the parties' request to approve the stipulated protective order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California.  Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).  The stipulated proposed protective order fails to contain this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order[.]"  The protective order, in its current form, fails to identify in even the most sweeping terms the categories of information the parties intend to protect.  (*See* Doc. 32, 3 (limiting the scope of the protective order to "Protected Material" and defining "Protected Material" as "*any* Disclosure or Discovery Material that is designated as 'CONFIDENTIAL'.") (italics added).)  Though the parties set forth their intent to "take care to limit any such designation to specific material that qualifies under the appropriate standards" (Doc. 32, 4), there is no list of categories of information to identify those standards.

The parties' need for protection is also described only in vague terms.  As the parties do not present any particularized need for protection as to any identified category of information to be protected, the protective order also fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not addressed.  In its current form, the protective order does not show "why the need for protection should be addressed by a court order,

as opposed to a private agreement between or among the parties."

**B.     The Parties' Stipulated Protective Order is Denied Without Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulation and Proposed Order for a Protective Order (Doc. 32) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **February 25, 2015**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE