|   |   |
|---|---|
| HARVEY HOLCOMB,<br><br>        Plaintiff<br><br>        v.<br><br>JERRY RAMAR, et al.,<br><br>        Defendants | CASE NO. 1:13-CV-1102 AWI SKO<br><br>ORDER ON STIPULATIONS<br><br>(Doc. Nos. 52, 53) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

    This is a civil rights case that arises out of a confrontation between Plaintiff and members of the City of Modesto Police Department. Currently pending before the Court is Defendants' motion for summary judgment. Hearing on this motion is set for September 21, 2015. Trial in this matter is set for January 12, 2016, and the pre-trial conference is set for November 4, 2015.

    On August 24, 2015, the parties filed two stipulations. The first stipulation is to bifurcate both discovery and trial on Plaintiff's *Monell* liability claim. See Doc. No. 52. The parties explain that Plaintiff's *Monell* liability is contingent on the individual liability of the officers, and that the *Monell* claim may require significant document discovery and testimony from numerous city employees. See id. The parties request that in the interest of expediting trial and economizing resources, bifurcation should occur and all *Monell* related activities should be deferred until after trial is completed on the individual officers' liability. See id.

    The second stipulation is to modify the expert discovery deadlines. See Doc. No. 53. The parties wish to move the expert designation date from September 4, 2015 to October 30, 2015, the expert rebuttal date from September 18, 2015 to November 13, 2015, and the expert discovery

cutoff from October 2, 2015 to December 11, 2015.  See id.  The parties explain that they wish to conserve resources until after the Court rules on Defendants' summary judgment motion.  See id.

*Discussion*

With respect to the second stipulation regarding expert discovery, the Court notes that the parties have modified the scheduling order or expert discovery dates five times since the December 2013 scheduling order.  Nevertheless, because the parties see a benefit to obtaining a ruling on the summary judgment motion, and because it appears that the parties can complete the expert discovery prior to trial, the Court will give effect to the stipulation.[1]

With respect to the first stipulation, as the Court understands the parties' request, trial would first occur on the issue of the individual officers' liability.  If liability is found, the trial proceeding would then stop, and the parties would then conduct or finish *Monell* related discovery.  Once the *Monell* related discovery is concluded, trial would reconvene either with a new jury or with the same jury that decided liability (returning after an unknown period of time).  That is, under the parties' stipulation, either valuable court time would be taken selecting an entirely new jury, or the same jurors would be inconvenienced by having to return after what would likely be a lengthy delay.  The Court does not look favorably on either of these options.  It is true that courts have bifurcated *Monell* liability from individual liability.  However, when this Court has ordered such bifurcation, it is with the understanding that if individual liability is found, then the trial turns almost immediately to *Monell* liability without any significant break in the trial.  At this time, the Court will not grant the first stipulation.

If trial is necessary following the Court's ruling on Defendant's summary judgment motion, the Court will set a telephonic status conference to discuss the status of the case and the need for any further discovery, including *Monell* discovery.  Depending on the representations made by the parties at the status conference, if the Court determines that it is advisable to move the trial date in order to complete discovery, then the Court will likely move the trial date.  However, no dates can be guaranteed given the Court's impacted trial schedule.

---

[1] If Plaintiff's claims survive summary judgment, the Court will likely not grant any requests to truncate the motions in limine schedule to accommodate any outstanding expert discovery.

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. The parties' stipulation to bifurcate discovery and trial of Plaintiff's *Monell* claim (Doc. No. 52) is DENIED;

2. The parties' stipulation to extend expert discovery deadlines (Doc. No. 53) is GRANTED; and

3. The expert discovery deadlines are modified as follows:

    a. Deadline for Designation of Experts with Reports is October 30, 2015;

    b. Deadline for Designation of Rebuttal Experts with Reports is November 13, 2015; and

    c. Expert Discovery Cuttoff is December 11, 2015.

IT IS SO ORDERED.

Dated:   August 28, 2015

SENIOR DISTRICT JUDGE