UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARVEY HOLCOMB,** | **CASE NO. 1:13-CV-1102 AWI SKO** |
| Plaintiff | |
| v. | **ORDER SETTING NEW TRIAL** |
| **JERRY RAMAR, et al.,** | |
| Defendants | |

      Trial in this matter was set for October 18, 2016.  On October 17, 2016, the Court vacated the trial date following receipt of a motion in limine that dealt with the recent expert deposition of treating physician Dr. Paul Braaton.

      On December 12, 2016, the Court issued its ruling on the motion in limine.  In pertinent part, the Court held that Dr. Braaton was designated as a non-retained expert witness, Dr. Braaton's opinions would be limited to those opinions formed during the course of his medical treatment of Plaintiff, and that 13 of the 14 opinions identified by Defendants in their motion would be excluded.[1]  The Court then ordered the parties to meet and confer and contact the Court regarding a new trial date.  The Court informed the parties that, once they identified agreeable dates, the Court would issue a supplemental pre-trial order.  The parties have now informed the Court that they have agreed to a trial date of August 8, 2017.

      The Court will reset trial to August 8, 2017, and set a brief telephonic trial confirmation for July 25, 2017.  Additionally, per the request of Defendants, the Court will set a deadline for the parties to finalize the excerpts of the videotaped de bene esse deposition of Dr. Paul Braaton.  Given that all other deadlines that had been in effect have now been met, the Court will not set any further trial related deadlines at this time.

---

[1] The one opinion that was not excluded concerned Plaintiff's ability to walk backwards.  The Court found that, although Dr. Braaton had not administered a test that was specifically designed to measure Plaintiff's ability to walk backwards, the nature of the administered tests, test results, treatment, observations, and conclusions by Dr. Braaton of Plaintiff were sufficient to show that Dr. Braaton had formed the opinion during the course of Plaintiff's treatment.

Accordingly, IT IS HEREBY ORDERED that:

1. Trial in this matter is RESET to August 8, 2017 at 8:30 a.m. in Courtroom 2;
2. A telephonic trial confirmation is SET for July 25, 2017 at 1:30 p.m.;[2]
3. On or by May 1, 2017, the parties are to meet and confer regarding the portions of the de bene esse deposition of Dr. Paul Braaton that are to be played for the jury;
4. If the parties reach an agreement as to what portions of Dr. Braaton's de bene esse deposition will be played, the parties shall file a notice of agreement with the Court on or by June 1, 2017;
5. If the parties are unable to reach an agreement with respect to the portions of Dr. Braaton's de bene esse deposition that will be played, then:
    a. On or by June 15, 2017, the parties shall submit briefing regarding the particular portions of the de bene esse deposition to which there is disagreement and their respective positions regarding why the excerpt is either admissible or inadmissible;
    b. On or by June 26, 2017, the parties shall file replies;
6. The parties shall continue to meet and confer in good faith with respect to jury instructions and verdict forms; and
7. The November 2015 pre-trial order, as amended in February 2016, otherwise remains in effect.

IT IS SO ORDERED.

Dated:   March 7, 2017                          _____
                                                 SENIOR DISTRICT JUDGE

---

[2] The parties are to make arrangements with the Courtroom Deputy and call in together for the telephonic conference.